NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0694n.06

No. 16-5995

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

LARRY HIGGINS,                                          )
                                                       )
    Plaintiff,                                         )
                                                       )
                                                       )
W. GLENN PERRY; JUANITA BUCKHALTER                     )
CLARKE; SHEILA H. BAKER; RHONDA A. DAY;                )
DAVID NADEAU; and MARTHA MEGREDY,                      )
                                                       )
    Plaintiffs-Appellants,                             )
                                                       )
v.                                                     )
                                                       )
BAC HOME LOANS SERVICING, LP, fka                      )
Countrywide Home Loans Servicing, L.P.; BANK           )  ON APPEAL FROM THE
OF AMERICA, N.A.; JPMORGAN CHASE BANK,                 )  UNITED STATES DISTRICT
N.A.; U.S. BANK, N.A., as Trustee for the Credit       )  COURT FOR THE EASTERN
Suisse First Boston Mortgage Securities Corp.,         )  DISTRICT OF KENTUCKY
CSMC Mortgage-backed Pass-through Certificates,        )
Series 2006-6, and, on behalf of the class, as Trustee )
of other similarly-situated trusts; WELLS FARGO        )
BANK, N.A.; FEDERAL NATIONAL MORTGAGE                  )
ASSOCIATION; FEDERAL HOUSING FINANCE                   )
AGENCY, as conservator for, Federal National           )
Mortgage Association; and COUNTRYWIDE                   )
HOME LOANS SERVICING, L.P.,                            )
                                                       )
    Defendants-Appellees.                              )
                                                       )
                                                       )
                                                       )

**FILED**

Dec 27, 2016
DEBORAH S. HUNT, Clerk

BEFORE:    MERRITT, BOGGS, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. This putative class action is before the Sixth Circuit for the

second time. Multiple landowners sued the defendant financial institutions for failing to timely

record mortgage assignments with the relevant county clerk, as required by Kentucky Revised Statutes § 382.360(3). The district court initially rejected the defendants' motion to dismiss but certified that order for interlocutory appeal. On the first appeal, we held that the district court should have granted the motion to dismiss because promissory-note transfers—on which the plaintiffs based their claims—are not "mortgage assignments" under Kentucky law. Pursuant to our opinion from the first appeal, the district court dismissed the plaintiffs' case. The district court then denied the plaintiffs' motion to set aside the dismissal, which they now appeal. The district court correctly followed our mandate from the first appeal in dismissing the case.

When a mortgage is assigned, the Kentucky recording statutes require the assignee to record the assignment within thirty days. *See* Ky. Rev. Stat. Ann. § 382.360(3) (LexisNexis 2016). In this case, the plaintiff–landowners contend that the defendant–assignees violated this provision through their use of the Mortgage Electronic Registration System (MERS). *See* R.32, PgID #455–56. We summarized MERS's operations in the opinion from the first appeal:

> When a home is purchased, the lender obtains from the borrower a promissory note and a mortgage instrument naming MERS as the mortgagee (as nominee for the lender and its successors and assigns). In the mortgage, the borrower assigns his right, title, and interest in the property to MERS, and the mortgage instrument is then recorded in the local land records with MERS as the named mortgagee. When the promissory note is sold (and possibly re-sold) in the secondary mortgage market, the MERS database tracks that transfer. As long as the parties involved in the sale are MERS members [as are most large financial institutions], MERS remains the mortgagee of record (thereby avoiding recording and other transfer fees that are otherwise associated with the sale) and continues to act as an agent for the new owner of the promissory note.

*Higgins v. BAC Home Loans Servicing, LP* [*Higgins I*], 793 F.3d 688, 689 (6th Cir. 2015) (alteration in original) (quoting *Christian Cty. Clerk ex rel. Kem v. Mortg. Elec. Registration Sys., Inc.*, 515 F. App'x 451, 452 (6th Cir. 2013)).

Up until now, the plaintiffs' theory has been that, each time a promissory note is sold within the MERS network, the mortgage is "assigned" within the meaning of Kentucky Revised Statutes § 382.360(3). Thus, the plaintiffs have contended that every time one of the defendant–assignees received a promissory note without reporting the transfer within thirty days, the transferee violated Kentucky law. Furthermore, the plaintiffs have maintained that they are entitled to $500—the minimum statutory damages under § 382.365(5)—for each unrecorded transfer.

This theory was the subject of the first appeal. In denying the defendants' motion to dismiss, the district court held that, "under Kentucky law, the assignment of a note secured by a mortgage also transfers the mortgage," and "when a mortgage assignment occurs by way of a note assignment, Kentucky's statutes require that the assignment be recorded." *Higgins v. BAC Home Loans Servicing, LP*, No. 12-cv-183-KKC, 2014 WL 1333069, at *3 (E.D. Ky. Mar. 31, 2014); *see id.* at *6. The defendants moved pursuant to 28 U.S.C. § 1292(e) for certification to appeal this interlocutory order, arguing that "[i]f [the issue] is resolved in Defendants' favor by the Sixth Circuit, then Plaintiffs would not state a claim for relief and dismissal of the case would be required." R.80-1, PgID #1596. The plaintiffs similarly stated "that an interlocutory appeal would finally determine liability." No. 14-507, Resp. to Pet. for Interlocutory Appeal, R.16-1, Pg #2. The district court agreed that, should it be reversed, the "matter must be dismissed in its entirety," and granted the motion for interlocutory appeal. *Higgins v. BAC Home Loans Servicing, LP*, No 12-cv-183-KKC, 2014 WL 3015762, at *2 (E.D. Ky. July 3, 2014); *see id.* at *4. Consistent with the parties' and the district court's assertion that our decision about whether promissory-note transfers are "assignments" would be decisive, the defendants stated during the appeal: "It is undisputed that these note transfers did not involve written mortgage assignments

. . . ." No. 14-6168, BAC Home Loans Servicing Br., R.37, Pg #4. The plaintiffs did not challenge this statement. *See generally* No. 14-6168, Higgins Br., R.38.

> On the interlocutory appeal, we reversed the district court:

> KRS 382.360(3) applies to those instances in which a transferee fails to record a transfer of a mortgage deed. It does not require recording of transfers of promissory notes. Because it is undisputed that defendants transferred only promissory notes and did not fail to record any transfers of mortgage deeds, defendants did not violate KRS 382.360(3)[,] and the district court should have dismissed plaintiffs' action on that basis.

*Higgins I*, 793 F.3d at 694. Reasonably concluding that our opinion left nothing to be decided, the district court then dismissed the case. *See* R.97. The plaintiffs challenged that decision in a motion to set aside the judgment, arguing for the first time that their complaint includes claims based on the defendant–assignees' failure to record mortgage-deed transfers, not solely promissory-note transfers. *See* R.98. The district court denied the motion to set aside, *see Higgins v. BAC Home Loans Servicing, LP*, No. 12-cv-183-KKC, 2016 WL 3190218 (E.D. Ky. June 8, 2016), which the plaintiffs now appeal.

The district court correctly concluded that it was required to dismiss the plaintiffs' case pursuant to *Higgins I* and did not abuse its discretion by denying the plaintiffs' motion to set aside the dismissal. "It is clear that when a case has been remanded by an appellate court, the trial court is bound to 'proceed in accordance with the mandate and law of the case as established by the appellate court.'" *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *In re U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir. 1973)). Our holding in *Higgins I* that "defendants did not violate KRS § 382.360(3)[,] and the district court should have dismissed plaintiffs' action on that basis," 793 F.3d at 694, is the "law of the case." The district court then appropriately followed our mandate by dismissing the case.

In any event, the plaintiffs have long past waived any argument based on the defendants' failure to record mortgage-deed transfers. Three years passed from the time the plaintiffs filed their second amended complaint to when they filed their motion to set aside. Numerous filings during that time gave the plaintiffs an opportunity to present this argument, including their response to the defendants' motion to dismiss, their response to the defendants' motion for certification of an interlocutory appeal, their response to the defendants' petition for leave to appeal in this court, and their brief on the interlocutory appeal.[1] Despite these opportunities, the plaintiffs did not argue until the motion to set aside that this case should not be dismissed, regardless of what the court decides about note transfers, because they also have claims based on mortgage-deed transfers. In fact, the plaintiffs agreed that our holding about note transfers "would finally determine liability." *See* No. 14-507, Resp. to Pet. for Interlocutory Appeal, R.16-1, Pg #2. Because the plaintiffs had ample opportunity outside the interlocutory appeal to argue that the case should not be dismissed based on surviving mortgage-deed-transfer arguments, it makes no difference to this waiver that they were defending rather than challenging the district court's judgment on the first appeal. Given the plaintiffs' neglect to raise the mortgage-deed-transfer argument until their last-ditch attempt to set aside the dismissal, they have waived the argument.

The plaintiffs' request to amend their complaint fails along with their attempt to set aside the dismissal. When a plaintiff requests leave to amend his complaint after an adverse judgment, he "must meet the requirements for reopening a case established by [Fed. R. Civ. P.] 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Therefore,

---

[1] The fact that defendant U.S. Bank and the district court recognized that one claim against U.S. Bank is based on "a formal mortgage assignment," *see Higgins v. BAC Home Loans Servicing, LP*, No. 12-cv-183-KKC, 2014 WL 1332176, at *2 (E.D. Ky. Mar. 31, 2014); R.61, PgID #1066–67, does not defeat waiver. The plaintiffs never argued before the motion to set aside that this single claim should prevent the district court from dismissing their case.

because the plaintiffs have not satisfied their burden to set aside the district court's judgment under Rule 59 or Rule 60, they are not entitled to amend their complaint.

Finally, having been unsuccessful in obtaining multiple awards of $500, based on all manner of harm alleged in their original complaint, and never having sought to remand this federal case to the state court, plaintiffs now argue that the federal district court in this case lacked Article III jurisdiction because the plaintiffs themselves lacked standing. Despite the chutzpah, it is true that the lack of federal-court jurisdiction can be challenged on appeal without having been raised below. However, the idea that the plaintiffs lacked Article III standing in this case is fanciful. If even one of the plaintiffs had standing, that would be sufficient for Article III purposes. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 359 (3d Cir. 2015); *see O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Plaintiffs rely upon the Supreme Court's recent *Spokeo* decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Whatever that case held, however, it cannot have held that the failure of a plaintiff to meet the causation or damage element of any statutory tort deprives a federal court of jurisdiction. A tort suit for monetary damages is ordinarily an Article III case or controversy. It is true that Congress arguably may not legislate a federal cause of action providing for recovery of "bounties" for litigants who are not directly affected by illegal actions of the defendant. *See Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771–73 (2000). But that is clearly not what is going on in this case, especially in light of the harms alleged in plaintiffs' complaint.

The judgment of the district court is affirmed.